SAMUEL W. KING, Exr. *vs.* SARAH KING, Ex'x.

JUNE 23, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

(1) *Probate Law. Accident and Mistake.*

X. deceased leaving a widow and a brother Y. his sole heir at law. His will was duly allowed. Y. died some four months after the end of the period within which a person aggrieved might have appealed from the decree approving the will of X.

Petitioner as the executor and one of the heirs at law of Y., filed a petition for relief under Gen. Laws, 1909, cap. 297, § 3, alleging that as such heir and executor he was aggrieved by the decree admitting the will of X. to probate and that by accident and mistake he failed to appeal within the time prescribed by law:—

*Held*, that petitioner, as an heir at law of Y., was without standing, since the relief was given solely to persons aggrieved and Y. was the only person who was during the period within which an appeal might have been claimed, aggrieved by the entry of the decree, and the right to invoke the aid of the statute did not pass to the heirs of Y.:—

*Held*, further, that petitioner was not entitled to relief as executor of Y. since the right to relief does not pass to the executor or administrator of one whose interest may be affected by the decree of a probate court.

PETITION for relief under Gen. Laws, 1909, cap. 297, § 3. Denied.

SWEETLAND, J.   This is a petition filed under the provisions of Section 3, Chapter 297, General Laws, 1909, praying for leave to appeal from the decree of the probate court of the city of Cranston proving a certain instrument and approving, accepting and allowing the same as the last will and testament of Gilbert E. King, late of said Cranston, deceased.

Said Section 3, Chapter 297, among other things, provides that when any person is aggrieved by any order or decree of any probate court and from accident, mistake, unforeseen cause or lack of evidence newly discovered has failed to claim or prosecute his appeal, the Supreme Court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order or decree, allow an appeal to be taken and prosecuted upon such terms and conditions as the court may prescribe.

. Said Gilbert E. King died on March 3rd, 1912, leaving a widow, Sarah King, and a brother, Henry W. King, who was the sole heir at law of said Gilbert E. King.   Said decree admitting to probate the instrument purporting to be the will of said Gilbert E. King was entered in the probate court of Cranston on March 29th, 1912.   By the terms of said will all of the property of the testator is devised and bequeathed to his widow and she is named as executrix of said will.   No appeal was claimed from the decree probating said will. The said Henry W. King died September 28th, 1912, leaving as his sole heirs at law the petitioner and one other son and one daughter.   An instrument purporting to be the last will and testament of said Henry W. King has been duly admitted to probate, letters testamentary have issued to this petitioner and he has qualified as executor of said will.

The petitioner now comes as one of the heirs at law of Henry W. King and as executor of the last will and testament of Henry W. King and represents that as such heir at law and such executor he is aggrieved by the decree of the probate court of Cranston admitting said instrument to probate as the last will of Gilbert E. King; that by reason of accident, mistake or unforeseen cause he failed to claim an

appeal from said decree within the time prescribed by law. He prays that he may be allowed to take and prosecute an appeal from said decree under the provisions of said Section 3, Chapter 297, Gne. Laws, 1909.

The petitioner as one of the heirs at law of Henry W. King clearly is without standing in court. Henry W. King survived his brother Gilbert for more than four months after the end of the period within which the statute permitted any person aggrieved thereby to claim an appeal from the decree approving said instrument as the will of Gilbert E. King. Save the widow of Gilbert E. King and his creditors, Henry W. King was the only person who would be interested in the estate of said Gilbert, if said Gilbert had died intestate. The relief provided by said Section 3, Chapter 297, is given solely to persons aggrieved, and under the uniform decisions of this court Henry W. King was the only person who might be aggrieved by the entry of said decree. Hence, there is no force in the allegation that this petitioner, as one of the heirs at law of Henry W. King, failed to claim an appeal from the entry of said decree by reason of accident, mistake or unforeseen cause. For during all the period within which such an appeal might have been claimed the petitioner was without interest in the estate of said Gilbert and was not a person aggrieved by the entry of said decree. The right to invoke the aid of said Section 3, Chapter 297, which was in Henry W. King for over four months before his death does not pass after his death to his heirs at law.

The petitioner also prays for relief as the executor of said Henry W. King and avers in his petition that he "believes from the best information obtainable by him" that "Henry W. King never knew that his said brother Gilbert E. King left an instrument purporting to be his last will and testament;" that, after the death of said Gilbert, "Henry W. King was in poor health which weakened him physically and mentally" and that he was incapable of properly protecting his rights. From these allegations the petitioner appears to claim that as the personal representative of Henry W. King

he can be granted the relief provided by statute on the ground that Henry W. King in his lifetime was aggrieved by said decree; that by reason of accident, mistake or unforeseen cause Henry W. King failed to claim and prosecute an appeal from the entry of said decree; that said accident, mistake or unforeseen cause consisted of a lack of capacity in Henry W. King to know of the entry of said decree or to protect his interests by an appeal; and that the right to seek relief under the statute from the effect of such accident, mistake or unforeseen cause passed to the executor of the will of said Henry W. King.

From the affidavits filed by the petitioner, it cannot be said with certainty that at and after the death of said Gilbert the mental condition of Henry W. King was so far impaired that he did not know of his brother's death and did not understand that such death would affect a disposition of his brother's property. Gilbert had received the property of which he died possessed under his father's will and his possession of the same was manifest to all his relatives. If said Henry was of sufficient mental capacity to know and understand these facts he would not be permitted to say, if now alive and moving in his own behalf, that for over two months after Gilbert's death, by reason of accident, mistake or unforeseen cause, he was ignorant of the proceedings in the probate court and of the entry of the decree in question. He would be held to understand the possibility that Gilbert had left a will which might be presented for probate. If he received no information from other sources as to the condition of Gilbert's estate after Gilbert's death he would be put upon his inquiry in the probate court of the city in which both he and Gilbert has resided and in which Gilbert deceased. The petitioner states it to be his opinion that "said Henry W. King never knew that his said brother, Gilbert E. King left an instrument purporting to be his last will and testament." From this statement we cannot assume in support of this petition that said Henry did not know this fact or that having such knowledge he was dissatisfied with

the provisions of said will and desired to oppose its probate, but for one or more of the reasons named in said section failed to claim an appeal. We do not understand the petitioner to claim that after the death of said Gilbert the impairment of the mental condition of Henry W. King amounted to complete mental incapacity and unsoundness of mind. If this had been so, however, and in the circumstances of the case the protection of the interests of Henry W. King had seemed to require a contest of said instrument and an appeal from said decree, such proceedings should have been taken in the name of said Henry W. King by his guardian, if one had been appointed, if he was not under guardianship then by his next friend. This petitioner, as a son of Henry W. King and a nephew of Gilbert E. King, knew of the probate of his uncle's will or in the circumstances before referred to will not now be heard to deny such knowledge. He knew his father's mental condition. He knew the effect of the probate of said will upon his father's interests. His relation with his father was intimate. If his father was incapable of guarding his own interests, by reasons of unsoundness of mind, this petitioner was clearly the next friend of his father. If during the time prescribed by law he, as next friend, neglected to take proceedings in his father's name to protect his father's interests, he will not be permitted now to claim, nominally for the benefit of his father's estate, in fact for the benefit of himself, his brother and sister, that an appeal was not claimed from said decree by reason of accident, mistake or unforeseen cause arising out of the mental incapacity of his father.

Moreover, in the absence of some statutory provisions to that effect we are of the opinion that the right to apply for relief under said Section 3, Chapter 297, does not pass to the executor or administrator of the person whose interest may be affected by the decree of a probate court. The relief is by the terms of said section given merely to the person aggrieved. We do not think that the right to apply to this court under the statute can be considered as a part of the

personal estate of the deceased; in this matter there is no pending proceeding to which the personal representative of the deceased may make himself a party; the provision for relief, under consideration, is not a cause of action or an action which either at common law or by statute survives the death of the testator or intestate, nor do we find any other provision of the common law or of our statute which passes over this purely statutory provision for relief to the executor or administrator of the person aggrieved.

The petition is denied and dismissed.

*James A. Williams, Benjamin W. Grim,* for petitioner.
*Edward M. Sullivan,* for respondent.